■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO ACEVEDO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered May 10, 1989, convicting him of murder in the second degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and sentencing him to concurrent terms of imprisonment of 17 years to life on the murder conviction and 6 to 12 years on each weapons count.

Ordered that the judgment is modified, on the law, by reducing the sentences imposed on the convictions of criminal possession of a weapon in the second degree from concurrent terms of 6 to 12 years imprisonment to concurrent terms of 4 to 12 years imprisonment; as so modified, the judgment is affirmed.

The defendant failed to preserve for appellate review his contention that the trial court should have cautioned the jury against commingling the evidence as it related to the separate crimes of which he stood charged (CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245, 248-252). We decline to reach the issue in the exercise of our interest of justice jurisdiction.

The police report, which was not supplied to the defendant until after trial, duplicated other material which was furnished in a timely fashion. Therefore, there was no *Rosario* violation *(see, People v Jones,* 70 NY2d 547, 551, n 3; *People v Ranghelle,* 69 NY2d 56, 63).

The People concede, and we agree, that the concurrent sentences of 6 to 12 years imprisonment on the convictions of criminal possession of a weapon in the second degree are unauthorized for a first felony offender, and we reduce them to sentences of 4 to 12 years. The sentence of 17 years to life imprisonment imposed on the murder conviction is not excessive and should not be disturbed *(People v Suitte,* 90 AD2d 80). Mangano, P. J., Lawrence, Rosenblatt and O'Brien, JJ., concur.